# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| RICKY JOSEPH LONON, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>BRANDON THOMAS, GILBERT )<br>STACY, and ASSISTANT DISTRICT )<br>ATTORNEY MARGARET DELEON, )<br> )<br> Defendants. ) | Case No. CV415-058 |

## REPORT AND RECOMMENDATION

Ricky Lonon has filed a 42 U.S.C. § 1983 complaint asking the Court to intervene in his ongoing state prosecution. (Doc. 1.) He insists that his attorneys, Brandon Thomas and Gilbert Stacy, have failed to provide effective assistance and that the prosecutor, Margaret DeLeon, is also culpable because she is "in charge" of handling his case. (*Id.* at 5-6.) He wants this Court to review his case and to help him with "ad[e]quate defen[s]e representation, bond, [and] dismissal." (*Id.* at 6.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental

entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915(e)(2) (requiring the dismissal of any IFP complaint that is frivolous or legally insufficient). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

"Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not interfere with a state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or

harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Lonon has not met any of these exceptions. He primarily complains of certain procedural deficiencies. He claims that his public defenders waived his right to preliminary hearing without his permission; that he never received discovery, including a copy of the police report; that counsel never interviewed him to learn his version of the events; and that he was improperly denied bond. (Doc. 1 at 5-6.) These allegations can be addressed by the state courts, whether at trial, on appeal, or during collateral attack. They do not constitute proof of the type of state prosecutorial abuse or harassment that would justify the extraordinary relief that Lonon is seeking.[1] The Court therefore must abstain from exercising jurisdiction over the pending state criminal case.

Additionally, to the extent that Lonon is seeking release from

---

[1] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove [he meets an exception] before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass"). Lonon has made no attempt to prove that a *Younger* exception applies.

3

confinement, such relief may only be invoked through a petition for writ of habeas corpus. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). Even were the Court to construe Lonon's complaint as a habeas petition, it still fails because he has not alleged that he has exhausted his state court remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has plaintiff substantially followed the Court's § 2254 form petition,

as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules.

Plaintiff's complaint should be **DISMISSED**. Meanwhile, he is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 11th day of May, 2015.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA